FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 4:58

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br><br>FRANCISCO LEON GOGUE,<br><br><br><br>DECEASED. | PROBATE CASE NO. PR0184-23<br><br>**DECISION AND ORDER**<br>*Re: Motion for Determination and Confirmation of Community Property Passing to Surviving Spouse* |

This matter came before the Honorable Arthur R. Barcinas on February 13, 2024, on a Motion for Determination and Confirmation of Community Property Passing to Surviving Spouse ("Motion"), filed by Movant Kris G. Gogue ("Movant"), surviving spouse of Decedent Francisco Leon Gogue ("Decedent"). Present at the hearing was Movant's counsel Attorney Terrence M. Brooks, as well as Petitioner for Letters of Administration Robin Marquardt ("Petitioner") with his counsel Attorney Mark S. Smith. Upon hearing the parties' arguments, the Court took the matter under advisement.

## BACKGROUND

Decedent and Movant were married in Las Vegas, Nevada, on July 18, 2012. On May 19, 2020, Decedent executed a quitclaim deed to himself and Movant for the property described as Lot 5137-2-R2-2, Dededo, Guam (the "property"). Prior to the execution of the quitclaim deed, the property was Decedent's separate property. Movant alleges that, because the couple was married at the time the deed was executed and the property was acquired during the

marriage by way of the deed, the property was converted to community property. Movant states that the deed was not executed in Guam, and the Guam Department of Land Management would not accept the deed for recording due to Decedent's failure to execute an affidavit of true consideration or an affidavit stating how the property was held.

On July 3, 2022, Decedent died intestate in Tamuning, Guam. At the time of death, Decedent and Movant were married and residing in California. On October 30, 2023, Petitioner filed an Involuntary Petition for Letters of Administration, as well as a Verified Claim Against the Estate in Accordance with 15 GCA § 2517. On November 14, 2023, Movant filed the instant Motion. On November 15, 2023, Petitioner filed a Notice of Lis Pendens, asserting a claim to the property. On December 13, 2023, Petitioner filed his Opposition. On December 27, 2023, Movant filed her Reply.

## DISCUSSION

Movant brings this Motion under 15 GCA § 1005, alleging that, on May 19, 2020, Decedent executed a quitclaim deed transferring ownership of the property from himself alone to himself and Movant, effectively transmuting the property from separate property to community property. Movant states that Decedent did not execute an affidavit of true consideration nor an affidavit stating how the property was held, and therefore the Department of Land Management ("DLM") would not accept the deed for recording. Consequently, the quitclaim deed has not been recorded, though Movant alleges that the deed fulfills all the requirements of a valid deed under 21 GCA §§ 4101 and 4102. Movant requests that the Court recognize the deed and dismiss this probate case.

Petitioner opposes the Motion, arguing that: (1) material issues of fact exist regarding the drafting of the quitclaim deed, and the ambiguity and uncertainty of its terms; (2) if the

quitclaim deed is found to be void, all indispensable parties must be notified and given the opportunity to join in this litigation; (3) Movant used her marriage to Decedent to exert undue influence in the drafting of the quitclaim deed; and that (4) Movant fraudulently transferred the property to avoid creditor claims.

## I. Legal Standard

Pursuant to 15 GCA § 1005(a), "when a married person dies intestate, or dies testate and by valid will leaves all of his interest in the community property to the surviving spouse, such interest passes to the surviving spouse subject to the provisions of Sections 1007 and 1009 of [GCA Title 15], and no administration thereon shall be necessary." Because the quitclaim deed allegedly transmuted Decedent's separate property into community property subject to § 1005(a), most if not all of the issues in this matter turn upon whether the quitclaim deed was valid or not.

Pursuant to 21 GCA § 29149, a registered owner of land desiring to transfer his whole estate or interest therein, or some part or parcel thereof, may execute an instrument of conveyance in any form authorized by law for that purpose. The transfer shall only be considered complete and the title so transferred shall only vest in the transferee upon the filing of said instrument at the registrar's office and the surrender of the duplicate certificate of title to the registrar. *Id.* When the transfer is complete, the registrar shall, *inter alia*, provide a new certificate certifying the title to be in the transferee's name. *Id.* A deed purporting to transfer registered land "shall take effect only by way of contract between the parties thereto, and as authority to register the transfer ... upon compliance with the terms of this Law." 21 GCA § 29155. "On the filing of such instrument, the land ... shall become transferred ... according to the purport and terms of the deed." *Id.*

Every conveyance of real property acknowledged and proved and certified and recorded as prescribed by law from the time it is filed with the Director of Land Management is constructive notice of the contents thereof to subsequent purchasers and mortgagees. *Id.* § 37101. Further, every conveyance of real property, other than a lease for a term not exceeding one (1) year, is void as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action. *Id.* § 37102. An unrecorded instrument is valid only as between the parties thereto and those who have notice thereof. *Id.* § 37105.

Additionally, the transferor is required to furnish the Director of Land Management with an affidavit stating, *inter alia*, whether or not he is married, the name of his spouse, and whether or not the property is community property; and said affidavit had to be recorded on the certificate of title by the registrar before the transfer is made on the register. *Id.* § 29158.

Finally, "[n]o unregistered estate, interest, power, right, claim, contract, or trust shall prevail against the title of a registered owner taking bona fide for a valuable consideration or of any person bona fide claiming through or under him." 21 GCA § 29140.

## II. The Motion is mooted because the quitclaim deed is invalid.

Movant seeks for the Court to determine and confirm that the community property should pass on to Movant, pursuant to 15 GCA § 1005. However, such a determination is contingent upon there actually being community property to pass on.

The property in question was Decedent's separate property until the quitclaim deed allegedly deeded the property to himself and Movant as joint owners. However, the Court does not find from the facts that the transfer was ever completed in compliance with law.

First, in order for the transfer to be completed, the quitclaim deed must be filed with the DLM and the duplicate certificate of title must be surrendered to the DLM. 21 GCA § 29149. None of the facts presented by Movant demonstrate that either of these steps was completed. Had they been completed, then Movant should have been able to produce the new certificate, certifying her and Decedent's new title. *Id.* Movant having failed to produce any such evidence, the Court finds that the quitclaim deed is insufficient evidence to corroborate Movant's claim.

Second, Movant explicitly states that the deed was not recorded, and that the DLM refused to do so on the grounds that Decedent as Grantor had failed to fully execute the necessary affidavits. As no recording was ever shown to be made by the DLM on the certificate of title, then, pursuant to 21 GCA § 29158, no transfer could have been legally made on the register, as such recording would be a prerequisite step. The alleged new title being unregistered, the Court finds that Movant's claim as it is currently advanced cannot prevail against Petitioner's claim through or under Decedent, if Petitioner's claim is found to be bona fide. "No unregistered estate, interest, power, right, claim, contract, or trust shall prevail against the title of a registered owner taking bona fide for a valuable consideration or of any person bona fide claiming through or under him." 21 GCA § 29140. Upon consideration of the evidence presented by Petitioner in his Petition and his Verified Claim, the Court finds that Movant's claim, standing alone as argued herein, cannot prevail against Petitioner's.

Third, under Guam law, an unrecorded instrument is valid only as between the parties thereto and those who have notice thereof. *Id.* § 29158. Movant explicitly states that the deed was unrecorded. However, she does not provide any evidence that Petitioner or any other potential creditor were given notice of said deed prior to her attachment of the deed to the Motion. Further, because the deed was unrecorded, then pursuant to 21 GCA § 37101, it could

not even be construed as constructive notice. Therefore, there being no notice given, the Court finds that the deed is not valid as to any claim that Petitioner or any other creditor may make on the property before or during probate.

III. **An unrecorded quitclaim deed is void as against any judgment affecting the title.**

The Court, having found that the deed is not valid, notes that a conveyance of real property, save a lease not exceeding one (1) year, is void as against any judgment affecting the title, unless such conveyance shall have been duly recorded prior to the record of notice of action. *Id.* § 37102. Because no such recording took place, any alleged conveyance of real property through the quitclaim deed would be considered voidable as against this judgment.

## CONCLUSION

Based on the foregoing, the Court finds that Movant's quitclaim deed is insufficient, and **DENIES** the Motion, the Motion being predicated upon said quitclaim deed allegedly converting Decedent's separate property into community property. However, pending a proper probate proceeding bearing out all of the facts, the Court will not find at this juncture that the property is definitively Decedent's separate property, as the property may have been made community property by some other means.

**IT IS SO ORDERED** _____MAR 0 8 2024_____.


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**